**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-10726
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**HERIBERTO VELARDE-JACQUEZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Northern District of Texas
(4:00-CR-292-2-A)**
_____

January 8, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Heriberto Velarde-Jacquez challenges the sentence imposed following his guilty-plea conviction for possession with the intent to distribute 315 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). He maintains the district court erred: in finding he was a leader or organizer of the offense, resulting in a four-level sentencing increase, pursuant to U.S.S.G. § 3B1.1(a); and in failing to award a two-level "safety-valve" sentencing reduction, pursuant to 18 U.S.C. § 3553 and U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2. The district court's findings of fact are, of course, reviewed only

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for clear error.  *E.g., **United States v. Gonzales***, 40 F.3d 735, 738 (5th Cir. 1994).

Regarding the leader or organizer increase, Velarde contends: he was incorrectly labeled a leader in the absence of any evidence he had a larger share in the fruits of the crime or recruited or exercised any control over others; his brother Manuel was the true leader; and he acted only as directed by Manuel.

The presentence report (PSR) determined that Velarde was the "mastermind" behind the offense: Velarde served as the marijuana supplier; controlled the price, quantity, and delivery of the substance; supervised the truck driver who crossed the border from Mexico with the marijuana and delivered it; used a codefendant as a middleman in conducting negotiations for the sale and delivery of the marijuana; and acted as the final decisionmaker with respect to the transaction.  *See* U.S.S.G. § 3B1.1, cmt. n.4.  The district court adopted the PSR's findings and recommendations, having also overruled Velarde's objections.

Velarde offered no evidence in support of his assertion that his brother was the true organizer, nor did he offer any evidence to controvert the PSR's findings regarding his leadership role, as was his burden.  *See **United States v. Lage***, 183 F.3d 374, 383 (5th Cir. 1999), *cert. denied*, 528 U.S. 1163 (2000).  The district court did not clearly err in finding Velarde to be a leader or organizer within the meaning of § 3B1.1(a).  *See **United States v. Posada-Rios***, 158 F.3d 832, 878 (5th Cir. 1998), *cert. denied*, 526

2

U.S. 1031 (1999), *and cert. denied*, 526 U.S. 1080 (1999), *and cert. denied*, 526 U.S. 1137 (1999).

Velarde also argues that he was entitled to a two-level reduction, or a "safety-valve" sentence, pursuant to 18 U.S.C. § 3553 and U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2. Velarde had to satisfy all five components of 18 U.S.C. § 3553(f), one of which provides that the defendant not be an organizer, leader, manager, or supervisor of others in the offense. The district court's leader-finding disqualified Velarde from safety-valve consideration.

*AFFIRMED.*